UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SUSAN FRANQUES** | : | **DOCKET NO. 2:22-cv-01418** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CANAL INDEMNITY CO ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion to Compel Discovery and Motion for Attorney Fees filed by plaintiff Susan Franques. Docs. 35. The motion was supplemented in accordance with this Court's order [doc. 39] considering Defendants' post-motion responses to the discovery requests. Docs. 40 & 42. A hearing was set for February 12, 2025, regarding this matter. Doc. 39. On that date, Plaintiff's counsel appeared, but defense counsel did not. Doc. 43. Accordingly, the instant motions will be resolved on the pleadings. As the time for response has passed and Defendants have not filed a timely opposition to either the original Motion to Compel [doc. 35] or the supplemental motion [docs. 40 & 42],[1] the instant motions are ripe for resolution. For reasons set forth below, the court finds that the motions should be **GRANTED IN PART** and **DENIED IN PART**.

### I.
#### BACKGROUND

This dispute arises from a personal injury claim involving an automobile collision between plaintiff Susan Franques and defendant Raul R. Aranda. Doc. 1, att. 1. In her complaint, Plaintiff

---

[1] The Court notes that Defendants filed a Memorandum in Opposition [doc. 46] on February 14, 2025, ten days past the deadline set by this Court's order [doc. 39]. As the opposition was untimely, it will not be considered for the determination of the instant motions.

claims the collision caused injuries to her right shoulder and back. *Id.* at ¶ 5. Plaintiff seeks recovery from defendant Raul R. Aranda, the driver of the other automobile; his then-employer, Sonric's Trucking LLC ("Sonric's"); and Sonric's insurance provider, Canal Insurance Company ("Canal") (collectively referred to as "Defendants"). *Id.* at ¶¶ 1, 2, & 7.

Plaintiff served interrogatories and requests for production on Defendants on September 11, 2024. Doc. 35, att. 1, p. 2. Despite receiving a 15-day extension, Defendants failed to provide responses. *Id.* On November 20, 2024, after multiple attempts to resolve the issue without court intervention [doc. 35, att. 2], Plaintiff filed a Motion to Compel seeking an order compelling Defendants to respond to the discovery requests and awarding Plaintiff attorney fees. Doc. 35. The Court subsequently set a hearing on this matter for January 6, 2025 [doc. 38] and afforded Defendants fourteen days to respond to the motion [doc. 36]. Defendants did not file an opposition to the motion. Defendants did, however, provide Plaintiff with the requested discovery responses before the January 6, 2025 hearing.

In light of these responses, the Court continued the hearing to February 12, 2025 and ordered the parties to participate in a supplemental conference pursuant to Local Civil Rule 37.1 to address any issues remaining with Defendants' responses. Doc. 39. Plaintiff was also ordered to file a supplemental memorandum in support of the Motion to Compel after the conference, accompanied by an appropriate Rule 37.1 certificate, to presumably narrow the focus of the motion. *Id.* Defendants were afforded an opportunity to respond to the supplemental briefing. *Id.* Plaintiff did file a timely supplemental memorandum alleging certain responses from Sonric's and Canal remained deficient. Docs. 40 & 42.[2] Defendants did not file a response. On the date of the hearing, February 12, 2025, Plaintiff's counsel appeared, but Defendants' counsel did not. The

---

[2] The original supplemental memorandum was marked as deficient [doc. 41] but was subsequently corrected [doc. 42].

hearing was terminated, and the court determined the instant motions would be resolved on the pleadings.

## II.
### LAW AND ANALYSIS

### A. Motion to Compel

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if the other party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Further, pursuant to Federal Rules of Civil Procedure 33 and 34, objections to an interrogatory or request for production must be made within thirty days after service of the requests. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). In addition to being timely, objections to written discovery, including those of privilege, must be stated with specificity, including reasons for the objection. Fed. R. Civ. P.

33(b)(4); Rule 34(b)(2)(B). The objection must also "state whether any responsive materials are being withheld." Fed. R. Civ. P. 34(b)(2)(C). Therefore, boilerplate and "conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" *Scott v. United States Postal Serv.*, No. CV 15-712-BAJEWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (Citations omitted); *see also Romero v. United States*, No. 6:23-CV-00032, 2024 WL 436892 at *2 (W.D. La. Feb. 2, 2024) ("Boilerplate objections are unacceptable."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (Holding that the only thing a boilerplate objection accomplishes is waiver of the objection). These insufficient objections are also waived. *In re U.S.*, 864 F.2d at 1156. The Court, however, "retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm Fire & Cas. Co.*, No. CIV. A. 11-2082, 2012 WL 520658 at *2 (E.D. La. Feb. 16, 2012); *see also RE/MAX International, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *6 (S.D. Tex. May 9, 2008).

Specifically with respect to objections on the basis of privilege, courts have found that "the failure to timely object on the basis of privilege does not result in an automatic waiver." *Williams v. Jeld-Wen, Inc.*, No. 1:17-CV-01366, 2022 WL 509373 at *9 (W.D. La. Feb. 18, 2022) (citing *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011)). "Rather, a waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations." *B&S Equip. Co.*, 2011 WL 2637289 at *5. Nevertheless, Federal Rule of Civil Procedure 26(b)(5)(A) requires parties withholding discoverable information based on a claim of privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or

- 4 -

disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Defendants failed to timely object to the discovery at issue in this matter, and so all objections to Plaintiff's discovery are waived, save and except for any objection on the basis of privilege. Any privilege-based objections, however, must be made in accordance with Federal Rule of Civil Procedure 26(b)(5)(A) to be preserved. Against this backdrop, and in light of the court's duty to ascertain the proportionality of the discovery sought, this court finds it appropriate to grant Plaintiff's motion and to compel Defendants responses to discovery as hereafter set forth.

Except as hereafter provided, Canal shall provide full and complete responses to the following discovery requests served upon it:

<u>Interrogatory Nos.</u>: 1, 7, 11, 22, 23, 24, 25, 26, 27, 28, and 29.

<u>Request for Production Nos.</u>: 2, 4, 10, 11, 12, 17, 18, 19, 22, 23, 26, 30, 32, 33.

Except as hereafter provided, Sonrics shall provide full and complete responses to the following discovery requests served upon it:

<u>Interrogatory Nos.</u>: 1, 7, 11, 17, 19, 20, 22, 23, and 24.

<u>Request for Production Nos.</u>: 1, 2, 4, 10, 11, 12, 17, 18, 19, 22, 23, 26, 30, 32, 33, and 45.

These responses are limited as follows:

- *Interrogatory No. 1 to Canal and Sonric's*: Defendants are to supplement their previous responses to include only phone numbers and addresses for each person listed in their original responses.

- *Interrogatory No. 7 to Canal and Sonric's*: These interrogatories are asking only for details about surveillance provided it was done, not for the substance of the

surveillance. Accordingly, Defendants must supplement their previous responses to provide the information requested.

- *Interrogatory No. 11 to Canal and Sonric's*: Defendants are to supplement their previous responses to include the telephone numbers and addresses for the persons identified as employees of Custard Insurance Adjusters and IAN Network in their previous responses, as well as for any person identified as an employee of Canal who is no longer employed by Canal. Any current employees of Canal should be contacted only through counsel for Canal.

- *Interrogatory No. 26 to Canal*: The request under subsection "f" of this interrogatory is overbroad and disproportional to the needs of the case. Doc. 42, p. 10. Accordingly, Canal is to provide a full response to subsections "a"- "e" and subsection "g" only.

- *Request for Production Nos. 12 & 26 to Canal & Sonric's*: In response to these requests, Canal and Sonric's have made objections, albeit untimely, on the basis of privilege. "[N]ot all documents generated from an internal investigation are protected by the work product doctrine 'simply because a company's internal investigation is coexistent with a present or anticipated lawsuit that is the same subject matter of the litigation.'" *Scott v. Litton Avondale Indus.*, No. CIV.A. 01-3334, 2003 WL 1913976, at *3 (E.D. La. Apr. 17, 2003). Moreover, these objections do not comply with Federal Rule of Civil Procedure 26(b)(5)(A). To the extent Defendants believe they have a valid objection to these requests on the basis of privilege, such objection must be stated specifically and a privilege log provided all in accordance with Rule 26(b)(5)(A).

- *Request for Production Nos. 18, 19, 22, & 23 to Canal & Sonric's*: Defendants are not required to provide information in response to these requests that would otherwise be precluded from discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(D).[3]

In addition to the foregoing, the court notes that Plaintiff's request to compel a response from Canal and Sonric's with respect to Request for Production No. 14 is denied. This request asks Defendants to "produce all surveillance films or other similar type recordings of Mrs. Franques that pertain to any issue in this action." Doc. 42, p. 10. In response to an interrogatory seeking to have Defendants identify whether any surveillance of Plaintiff has been performed, Defendants advise that surveillance of the Plaintiff was conducted after her initial deposition in this matter, and so any such surveillance reports or videos will be disclose only after Defendants have re-deposed Plaintiff. Defendants have the right to re-depose Plaintiff prior to disclosure of the contents of the surveillance reports or footage. *Romero v. Chiles Offshore Corp.*, 140 F.R.D. 336, 337 (W.D. La. 1992). Should Defendants opt to re-depose Plaintiff, the scope of the deposition will be limited to issues concerning the surveillance and "plaintiff's physical and mental condition . . . during the time which has elapsed since the initial deposition." *Id*. Further, should Defendants opt to re-depose Plaintiff, the surveillance reports and/or footage shall be disclosed immediately after such deposition. *Id*. If Defendants do not re-depose Plaintiff, the contents of the surveillance reports and/or video must be disclosed prior to trial in accordance with this Court's Scheduling Order [doc. 34]. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 518-19 (5th Cir. 1993).

---

[3] "*Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).

Finally, the court takes this opportunity to remind Defendants of their continuing obligation to supplement their responses to discovery pursuant to Rule 26(e) and that such responses must be submitted under signature and certification pursuant to Rules 26(g) and 33(b)(5).

### B. *Motion for Attorney Fees*

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, Defendants failed to timely answer Plaintiff's discovery requests both by the deadlines set out in Federal Rules of Civil Procedure 33 and 34, but also by the deadline of the extension given by Plaintiff. Doc. 35, p. 2. Defendants have been given three opportunities to be heard regarding the instant motions and have failed to take advantage of any of them. Defendants first failed to file an opposition to Plaintiff's original Motion to Compel [doc. 35] by the deadline set in the Notice of Motion Setting [doc. 36]. While Defendants provided responses to the requests at issue in Plaintiff's original motion [doc. 35], they did so under pressure of a motion to compel and pending hearing. As set forth in Plaintiff's supplemental briefing those responses remained deficient. Doc. 42. While Defendants eventually did respond to Plaintiff's supplemental assertions [doc. 46], they did so ten days past the deadline set by this Court [doc. 39] and that response was therefore not considered in the determination of this motion. Finally, Defendants failed to take

advantage of the opportunity to be heard at the February 12, 2025, hearing on the motion, electing not to appear.

Plaintiff has expended time and resources preparing the original motion, supplemental motions, and appearing in court. Defendants have failed to mirror this effort. Defendants also have failed to provide this court any justification for their actions—or inactions—in this matter or otherwise to offer circumstances that would make an award of expenses unjust. As such, the Court does not find any apparent circumstances that make an award of reasonable expenses and attorney fees unjust, and, instead, finds such an award against Defendants to be appropriate under the circumstances.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [doc. 35], as supplemented [docs. 40 & 42], is **GRANTED IN PART** and **DENIED IN PART** as hereinabove set forth. Defendants Sonric's Trucking, LLC and Canal Insurance Company shall provide full and complete responses to the discovery requests served by plaintiff, Susan Franques, in accordance with this order. Responses must be provided within **twenty-one (21) days** after the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney fees, is awarded against defendants Sonric's Trucking, LLC, and Canal Insurance Company, jointly, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that, within then fourteen (14) days after the date of this order, Plaintiff shall file into the record a statement of fees and costs incurred in filing these motions, which shall be supported by an affidavit setting forth the hours expended for the activities

described in the statement, who performed the services, and the hourly rate applied to those hours. Defendants may submit a response to Plaintiff's submissions within seven (7) days after Plaintiff's submission is filed into the record.

  **THUS DONE AND SIGNED** in chambers this 30th day of September, 2025.

        _____
          **THOMAS P. LEBLANC**
       **UNITED STATES MAGISTRATE JUDGE**