**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

SUSAN FRANQUES                 :        CIVIL ACTION NO.: 2:22-cv-01418

VERSUS                         :        JUDGE JAMES D. CAIN, JR.

CANAL INDEMNITY COMPANY, :        MAGISTRATE JUDGE KATHLEEN KAY
SONRIC'S TRUCKING, LLC, AND
RAUL R. ARANDA

---

**DEFENDANTS' MEMORANDUM**
**IN SUPPORT OF MOTIONS IN LIMINE**

This memorandum is respectfully submitted on behalf of Defendants, **SONRIC'S TRUCKING, LLC., CANAL INSURANCE COMPANY AND RAUL R. ARANDA (DEFENDANTS)**, in support of the various Pre-Trial Motions:

I.      Motion in Limine to exclude evidence of nationality, citizenship or immigration status;

II.     Motion in Limine to exclude argument regarding the meaning of the absence of the defendants at trial;

III.    Motion in Limine to exclude evidence, statements, and/or comments regarding the financial status of any party;

IV.     Motion in Limine to exclude a "Golden Rule" or "Conscience of the Community" appeal to the jury.

V.      Motion in Limine prohibiting plaintiff from making a "Unit of Time" appeal to the jury.

VI.     Motion in Limine to exclude evidence, statements, comments or innuendo regarding settlement negotiations;

VII.    Motion in Limine regarding evidence, statements, arguments or innuendo disparaging truckers, 18-wheelers or trucking companies;

VIII.   Motion in Limine to exclude evidence not disclosed in discovery;

Defendants respectfully file these motions in a good faith attempt to focus the trial on the issues before the jury and not on irrelevant, immaterial, potentially inadmissible, and unfairly prejudicial side issues.

**ARGUMENT AND LAW**

## I. NATIONALITY, CITIZENSHIP, AND IMMIGRATION STATUS

Defendants move to prohibit any mention, inquiry, or innuendo regarding the defendants being citizenship nationality or immigration status. First, plaintiff has no evidence of any of these issues. Second, if She did, the information would have no bearing on whether a party was negligent in a motor vehicle accident and is irrelevant under **Fed. R. Evid. 401**.

In the current social climate, mentioning national origin serves only to inflame juror bias. Under **Fed. R. Evid. 403**, evidence of citizenship should be excluded as its probative value is non-existent compared to the high risk of unfair prejudice.

Defendants move for an Order prohibiting Plaintiff from mentioning, arguing, or questioning during trial – from voir dire to closing argument – anything regarding the nationality, citizenship or immigration status of any defendant.

## II. THE ABSENCE OF DEFENDANTS AT TRIAL

Because the driver and company representatives will not be present at trial, Defendants move to preclude Plaintiff from drawing any adverse inference from their absence. Plaintiff should be prohibited from suggesting that the defendants' absence is an admission of liability or a lack of respect for the Court. Any such arguments are designed to punish the defendants for their absence rather than the evidence, which is improper and prejudicial under Fed. R. Evid. 403.

Defendants move for an Order prohibiting Plaintiff from mentioning, arguing, or questioning during trial – from voir dire to closing argument – anything regarding the reasons why Raul Aranda and a representative of Sonric's Trucking will not appear at trial

### III. FINANCIAL STATUS AND "DEEP POCKET" ARGUMENTS

Defendant can find no case in which the net worth or financial status of a Defendant was admissible in evidence in a generic tort case unless punitive damages were at issue. Punitive damages are not at issue here, and the Plaintiff should not be allowed to argue the size or value of Sonric's Trucking or Canal Insurance Company.

The trial court entered judgment permitting the plaintiff to "introduce evidence concerning the income, assets, and net worth of Lakeshore Chrysler, Dodge, Jeep, Inc. provided that plaintiff laid a prima facie case for punitive damages against Lakeshore Chrysler, Dodge, Jeep, Inc."[1] In its reasons for judgment, the trial court found "that, under the facts as alleged by the plaintiff, the defendant can be held liable for punitive damages."[2]

*Darby* holds that under the facts, circumstances and procedural history submitted by the parties, the defendants met their burden of proving that its financial condition was not relevant since there are no viable claims by the plaintiff for exemplary damages, citing La. Civ. C. art. 2315.4 and La. C.E. art. 402.[3]

The circumstances of this case do not present a close call on the issue of the worth or value or assets of any defendant.

---

[1] *Darby v. Sentry Ins. Auto. Mut. Co.,* 2007-0407 (La.App. 1 Cir. 3/23/07, 3–4); 960 So.2d 226, 229, *writ denied,* 2007-0638 (La. 3/28/07); 953 So.2d 59
[2] *Id*
[3] *Id*

Defendants move for an Order prohibiting Plaintiff from mentioning, arguing, or questioning during trial – from voir dire to closing argument – anything regarding the size, scope, or financial status of Sonric's Trucking or Canal Insurance Company.

## IV. "GOLDEN RULE" AND "CONSCIENCE OF THE COMMUNITY"

Plaintiff may attempt to use the "Golden Rule" in argument or arguments and emotional appeals as they relate to damages. Pursuant to the "Golden Rule," Plaintiff would be asking the jury to place themselves in the shoes of the Plaintiff with respect to damages. In *Ivy v. Security Barge Lines,* 585 F.2d 732, 741 (5th Cir.1978), *rev'd on other grounds* 606 F.2d 524 (5th Cir.1979), *cert. denied* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980), the plaintiff's counsel utilized the "Golden Rule" in his closing argument which was found to be improper.

In the case of *Loose v. Offshore Nav., Inc.,* 670 F.2d 493 (5th Cir. 1982), the attorney for a Jones Act seaman, stated he would NOT ask the jurors to put themselves in plaintiff's position. The Fifth Circuit Court of Appeals held that this was in fact an improper invocation of the "golden rule" which constituted reversible error in the absence of a cautionary instruction by the court.

Plaintiff may also attempt to use the "conscience of the community" arguments or utilize such line of cases in questioning the witnesses, in this matter. However, this type of question or argument is also not proper and should not be permitted. Indeed, the United States Fifth Circuit, has indicated that with respect to "conscience of the community" arguments, the Fifth Circuit Court of Appeals has stated that such appeals "serve no proper purpose and carry the potential of

4

substantial injustice when invoked against outsiders."[4]

Therefore, Defendants assert that any questions asked by Plaintiff's attorneys or references or arguments made by said attorney based on the "Golden Rule" or "conscience of community" are improper because it is an unfair attempt to have the jury substitute sympathy for judgment.

Defendants move for an Order prohibiting Plaintiff from mentioning, arguing, or questioning during trial – from voir dire to closing argument – anything regarding the Golden Rule or "conscience of the community."

## V. UNIT OF TIME

Plaintiff may argue that a "units-of-time" formula is proper to use in order for the jury to calculate the monetary value of Plaintiff pain and suffering. Under this method, Plaintiff attempts to determine what her pain and suffering is worth in monetary terms for a given unit of time and then that number is multiplied by the number of the said units of time contained in the expected duration of the pain and suffering. Then Plaintiff would attempt to argue that the final figure calculated represents the dollar amount of general damages that should be awarded to Plaintiff, with no supporting evidence that such formula should be used and with no foundation laid for such use.

The Louisiana Supreme Court has generally rejected the use of mathematical formulas in the determination of the amounts of damages. *Pennington v. Justiss-Mears Oil Co.,* 242 La. 1, 134 So.2d 53 (1961); *McFarland v. lllinois Central Railroad Co.,* 241 La. 15, 127 So.2d 183 (1961).

---

[4] *Westbrook v. Gen. Tire & Rubber Co.,* 754 F.2d 1233, 1239 (5th Cir. 1985); and see also *Adams v. Popeyes Louisiana Kitchen, Inc.,* No. CV 20-730, 2021 WL 2221565, at *2 (E.D. La. June 2, 2021), citing *Westbrook v. Gen. Tire & Rubber Co.,* 754 F.2d 1233, 1239 (5th Cir. 1985).

In *Pennington v. Justiss-Mears Oil Co.,* the Supreme Court did not approve of the trial court's projection of a widow's loss of future income because of the death of her husband based on his present annual salary which was then discounted to its present cash value.

In *McFarland v. Illinois Central Railroad Co.,* the Supreme Court disapproved of an increase in the damage award by the appellate court based on a mathematical formula developed from damages awarded in three intermediate appellate court decisions. The *McFarland* court stated that the use of these prior decisions improperly removed the trial court's discretion from the choice of the proper award in each individual case.

In *McWard v. Indep. Fire Ins. Co.,* 482 So. 2d 984, 985 (La. App. 3d Cir. 1986), the defendant raised the argument on appeal that the "units-of-time" analysis was improper. The appellate court noted that the defendant was correct in stating that "units-of-time" arguments are generally not acceptable and cited *Pennington v. Justiss-Mears Oil Co.,* supra and *McFarland v. lllinois Central Railroad Co., supra*. in support of its position. However, since the defendant failed to object at the time that the improper argument was made, the appellate court found that his right to complain for the first time at the appellate level had been waived, so the issue was not fully addressed. *McWard* demonstrates that courts expect contemporaneous objections to units-of-time arguments, underscoring the need for a pretrial ruling to avoid prejudice and disruption

A "units-of-time" argument constitutes an improper attempt to place a mathematical veneer on inherently subjective damages without any evidentiary foundation. Such arguments invite jurors to treat counsel's arithmetic as evidence, improperly anchor damages, and supplant the jury's discretion with a formula untethered to the record. For these reasons, the argument is misleading and unfairly prejudicial and should be barred at trial.

Defendants move for an Order excluding, under the Court's 403 discretion, Plaintiff from mentioning, arguing, or questioning during trial – from voir dire to closing argument – anything regarding a "unit of time" argument.

## VI. SETTLEMENT NEGOTIATIONS AND DISCOVERY

Settlement negotiations are *never* admissible and should not be admitted in this case. La. Code Evid. art. 408 expressly renders compromise offers and statements made during compromise negotiations inadmissible to prove liability, invalidity, or the amount of a claim. Any mention of mediation discussions, offers, demands, or statements made in that context must be excluded.

Defendants move for an Order prohibiting Plaintiff from mentioning, arguing, or questioning during trial – from voir dire to closing argument – anything regarding settlement negotiations.

## VII. DISPARAGING REMARKS REGARDING THE TRUCKING INDUSTRY

One cannot watch television for more than 10 minutes or drive down any highway or city road for more than 10 feet without being inundated with lawyer advertising disparaging trucks, trucking companies, many featuring people injured in accidents involving those vehicles.

References designed to inflame juror bias against "18-wheelers," "big trucking companies," or the trucking industry at large are irrelevant and substantially more prejudicial than probative and must be excluded under La. Code Evid. art. 403. The Third Circuit has reversed for inflammatory argument that diverted the jury from law and evidence.[5] Such rhetoric serves no legitimate evidentiary purpose in this case.

---

[5] *Thibodeaux v. W. Horace Williams Co.*, 475 So. 2d 63 (La. App. 3 Cir. 1985) (ordering new trial where counsel's improper appeals to prejudice infected the verdict).

Defendants move for an Order prohibiting Plaintiff from mentioning, arguing, or questioning during trial – from *voir dire* to closing argument – disparaging or inflammatory language regarding trucks or trucking companies in general or specifically as to Hudson. See the discussion above regarding relevant evidence.

## VIII. EVIDENCE NOT DISCLOSED IN DISCOVERY

Similar to Motion IV, Defendants, in an abundance of caution, move that any document, witness, video, photograph, medical record or other evidence not disclosed in discovery be prohibited from use at trial. Pursuant to Fed. R. Civ. P. 37(c)(1), such evidence should be excluded absent substantial justification or harmlessness.

## CONCLUSION

Defendants' various Motions in Limine are legally and factually correct and should be granted for the reasons detailed above.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY:      */s/ David R. Rabalais*
DAVID R RABALAIS (Bar Roll No. 17759)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
Email: DRabalais@dillfirm.com
ATTORNEY FOR DEFENDANTS

8