UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SUSAN FRANQUES | CIVIL ACTION NO. 22-1418 |
| VERSUS | |
| CANAL INSURANCE COMPANY, ET AL. | JUDGE ALEXANDER C. VAN HOOK |
| | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

This case is about a trucking accident and a driver who has absconded. In 2022, the Plaintiff, Susan Franques, filed a petition for damages against Raul R. Aranda, Sonric's Trucking ("Sonric's Trucking"), and Canal Insurance Company ("Canal"). R. Doc. 1-1. Franques alleged that Aranda, who had been driving a commercial tractor trailer, merged into her lane and struck her vehicle. *Id.* at 2. Pending before the Court is a motion in limine filed by Canal seeking exclusion of eight categories of evidence. R. Doc. 64. Franques has responded. Both parties failed to provide adequate citation to legal authority throughout their briefing.

For the reasons below, the motion is GRANTED IN PART and DENIED IN PART. Furthermore, counsel for plaintiff and defense counsel are hereby ORDERED to provide pinpoint citations to supporting authority in all motion practice in this case.

1. **Nationality, Citizenship, and Immigration Status**

Canal asks that the Court exclude evidence about the nationality, citizenship, and immigration status of the truck driver, Raul Aranda. R. Doc. 64-1, at 2. Canal

1

argues that Franques has no evidence of Aranda's citizenship, but even if she did, this evidence is irrelevant and unduly prejudicial. *Id.* Franques argues that Aranda's citizenship is relevant because he had no English fluency and presented a danger on the road. R. Doc. 69, at 2. Canal does not ask to exclude evidence regarding Aranda's fluency, and the Court sees how such evidence may be relevant at trial.

The Court finds that Aranda's nationality, citizenship, and immigration status is irrelevant to Franques's negligence claim. Evidence is relevant only if "the fact is of consequence in determining the action." Fed. R. Evid. 402. Aranda's nationality has no consequence in determining whether Aranda breached a duty of care to Franques. *Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir. 2023) ("There are five elements to a negligence claim [in Louisiana]: duty, breach, cause in fact, legal cause, and damages."). Whether a citizen of the United States, Mexico, or elsewhere, citizenship does not change how safely (or unsafely) Aranda merged into another lane of traffic. *See, e.g.*, *Jose Luis Lomeli Venegas, et al. v. Amazon.com Inc., et al.*, No. 21-3269, 2026 WL 318922, at *2 (W.D. La. Jan. 14, 2026) ("Plaintiff's current immigration status has no bearing on her underlying negligence action against the Defendants."). Accordingly, to this extent, the motion in limine is granted.

### 2. Absence of Defendants at Trial

Canal asked the Court to prohibit Franques referencing or drawing an adverse inference from the absence of Aranda and Sonric's Trucking at trial. R. Doc. 64-1, at 2. In response, Franques argued that Canal has not produced the owner of Sonric's Trucking or Aranda for depositions and will not call them at trial. R. Doc. 69, at 2.

2

Franques asserts that if she cannot reference their absence, it will effectively reward Canal for not appearing. *Id.* at 3. Franques then lists arguments and facts that she hoped to reference, including drug use, unlicensed driving, and dissolution of companies to avoid money judgments. *Id.* at 2-3.

In effect, the parties dispute whether the Court should allow a missing witness inference. The United States Court of Appeals for the Fifth Circuit "has long recognized that a party's failure to call available witnesses or produce evidence that would clarify or explain disputed factual issues can give rise to a presumption that the evidence, if produced, would be unfavorable to that party." *Wallner v. Ziegler*, 470 F. App'x 230, 232 (5th Cir. 2012). The missing witness inference does not apply to a witness "equally available" to both parties. *United States v. Wilson*, 322 F.3d 353, 363 (5th Cir. 2003). A witness is not equally available if he is "controlled by one party." *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970).

Here, the Court finds that a missing witness inference and jury instruction may be appropriate depending on the fact at issue. As its insureds, Canal has control over Aranda and the representative of Sonric's Trucking, and Canal has not produced either for a deposition and will not call them at trial. Moreover, Aranda drove the truck that struck Franques, so his testimony is central to resolving any factual disputes about the reasonableness of his driving.

Of course, an adverse inference about missing witnesses does not mean that Franques may raise irrelevant or prejudicial arguments at trial. For example, the business practices of Sonric's Trucking that Franques referenced in her motion

3

opposition has no relevance to the reasonableness of Aranda's driving. *See* R. Doc. 69, at 3 ("Sonric is a fly-by-night company that once it is involved in an accident, shuts down their operation and files under a new name with other drivers to skirt their legal liabilities."). Still, the Court will defer ruling on specific arguments and factual inferences until they occur during the context of trial. *See Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) ("Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial."). Therefore, to this extent, the motion in limine is denied.

### 3. "Deep Pockets"

Canal asks the Court to exclude evidence of its financial circumstances and prohibit "deep pockets" arguments. R. Doc. 64-1, at 3. Franques does not respond to this request but rather repeats her argument that the business practices of Sonric's Trucking should be admissible. R. Doc. 69, at 3. Any reference to the financial status of the parties, including the existence of insurance coverage, is unduly prejudicial if relevant at all. *See e.g.*, *Grant v. CRST Expedited, Inc.*, No. 18-433, 2021 WL 2101741, at *11 (E.D. Tex. April 7, 2021) (granting a motion in limine to exclude evidence of insurance coverage because it "could improperly influence the jury."). Accordingly, to this extent, the motion in limine is granted.

### 4. Golden Rule and Conscience of the Community

Canal asks the Court to exclude the "Golden Rule" and "Conscience of the Community" arguments. R. Doc. 64-1, at 4. Franques has agreed not to make either

4

argument. *See* R. Doc. 69, at 4 ("Ms. Franques does not dispute this argument since it is law."). Accordingly, to this extent, the motion in limine is granted.

### 5. Unit of Time

Canal asks the Court to exclude "unit of time" arguments when calculating the damages for pain and suffering. R. Doc. 64-1, at 5. Franques has agreed not to make such an argument. R. Doc. 69, at 4 ("Plaintiff, Ms. Franques, does not dispute defendants' contention in this regard."). Therefore, to this extent, the motion in limine is granted.

### 6. Settlement Negotiations

Canal asks that the Court exclude evidence of any settlement negotiations between the parties. R. Doc. 64-1, at 7. A motion in limine "should not be used to reiterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence…" *Kelly v. Patel*, No. 20-1291, 2021 WL 2460560, at *1 (W.D. La. June 16, 2021). Federal Rule of Evidence 408 already addresses settlement negotiations, and ordinarily, evidence of such discussions is inadmissible. Because Canal does not identify a specific issue likely to arise at trial, to this extent, its motion in limine is denied.

### 7. Disparaging Remarks about the Trucking Industry

Canal asks the Court to exclude disparaging remarks about the trucking industry. R. Doc. 64-1, at 7-8. Franques disagrees and says the Court should allow her to discuss "innuendo disparaging truckers, 18-wheelers or trucking company." R. Doc. 69, at 4. The Court finds that such generalized arguments and evidence

5

disparaging the trucking industry are irrelevant and unduly prejudicial. *See, e.g., McLane v. Rich Transp., Inc.* No. 11-101, 2012 WL 3996732, at *1 (E.D. Ark. Sept. 7, 2012) (granting motion in limine to the extent it concerned "disparaging comments about trucks or the trucking industry."); *Johnny v. Bornowski*, No. 10-4008, 2012 WL 2568097, at *2 (W.D. Miss. June 29, 2012) (granting motion in limine to exclude "disparaging and inflammatory remarks concerning the trucking industry[.]"). Thus, to this extent, the motion in limine is granted.

### 8. Evidence Not Disclosed in Discovery

Canal asks the Court to exclude evidence not disclosed in discovery. R. Doc. 64-1, at 1. As stated above, a motion in limine should not be used to reiterate well-settled rules. *See* Fed. R. Civ. P. 37(c); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (identifying four factors for determining whether to exclude evidence not disclosed). Canal did not identify specific evidence it believed Franques might attempt to introduce. And without specific evidence to evaluate, a motion in limine is inappropriate. *See, e.g., Williams v. USAA Ins. Agency, Inc.*, No. 20-153, 2022 WL 610267, at *2 (N.D. Miss. Mar. 1, 2022) (denying motion in limine seeking to exclude any evidence not previously disclosed). Therefore, to this extent, the motion in limine is denied.

**DONE AND SIGNED** in Shreveport, Louisiana, this 12th day of February, 2026.

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**